UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRANDY M. CARTER ROY, an individual, and SUSAN MARTIN in her capacity as Trustee of THE ALBERT G. MARTIN TRUST,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., a National Banking Association; JASON ARROYO, an Individual, and DOES 1 through 100, inclusive,

Defendants.

No. 2:18-cv-00398-MCE-KJN

**ORDER**

Through the present action, Plaintiffs allege that Defendant Wells Fargo Bank and its employee, Defendant Jason Arroyo, opened accounts without their permission in order to meet sales quotas established by Wells Fargo for new accounts. According to Plaintiffs, who are trustees of a family trust, this enabled another family member to unlawfully divert more than $258,751.00 in trust assets. Plaintiffs now sue to recover those diverted funds on various state law grounds, having set forth claims for fraud, negligence, and violations of California's Consumer Records Act (Cal. Civil Code § 1798.80, et. seq) and Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, et seq.). Because Plaintiffs' currently operative pleading, the First Amended Complaint

1

(ECF No. 1-1), also included a federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"), Wells Fargo removed the action to this Court pursuant to 28 U.S.C. § 1331.

Presently before the Court is Plaintiffs' Motion to Dismiss the RICO claim. Because elimination of that claim would remove the sole federal cause of action from this litigation, Plaintiffs also request that the matter be remanded back to the El Dorado Superior Court where it was originally commenced. Defendants do not oppose dismissal of the RICO claim, but they take issue with Plaintiffs' stated request that such dismissal be "<u>contingent upon</u> entry of an Order remanding this case back" to state court. Pls.' Mot., ECF No. 8-13:11-12 (emphasis in original).

Although the Court agrees that there is no authority for predicating dismissal of the federal claim upon a concurrent remand order, it does not appear that any party objects to elimination of the RICO cause of action as proposed by Plaintiffs. Defendant Arroyo expressly does not oppose said dismissal (<u>see</u> Def. Arroyo's Opp'n, ECF No. 13, 4:10-12), and Defendant Wells Fargo voices objection only inasmuch as Plaintiffs have not unequivocally committed to dismissing the claim in the absence of remand. After careful examination of the viewpoints expressed by all parties, the Court believes it would be a waste of judicial resources to reject the present motion only upon grounds that Plaintiffs should first move to dismiss, then only after said dismissal be permitted to maintain a motion to remand the matter back to the originating state court.

It is undisputed that under Federal Rule of Civil Procedure 15(a), Plaintiffs may properly move to eliminate one or more but less than all of several claims, even where no defendant has been dismissed in its entirety. <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1392 (9th Cir. 1988). Consequently, there is no impediment per se in Plaintiffs moving to dismiss their RICO claim, and Defendant Wells Fargo offers no substantive argument why dismissal would be improper. Indeed, as Plaintiffs point out, Defendant Wells Fargo moved to dismiss a RICO cause of action in another case filed against it in the District of Utah where, as here, the Defendants (Wells Fargo and its

employees) were the same parties who were purported to be an "enterprise" for purposes of alleging a violation of the RICO statute, 18 U.S.C. § 1962(c). See Ex. B to the Decl. of Trevor W. Martin, ECF No. 8-2, pp. 41-42. As Wells Fargo indicated in that motion, because there was no "enterprise" distinct from the defendants themselves, no RICO claim could be stated. Id., citing Brannon v. Boatmen's First Nat'l Bank, 153 F.3d 1144, 1146 (10th Cir. 1998); Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 160 (2001); see also C&M Care v. Kinetic Farm, Inc., 16-cv-04342-WHO, 2016 WL 6822071 at * 3 (N.D. Cal. Nov. 8, 2016). Consequently, given the same lack of distinction between Defendants Wells Fargo and Arroyo and the claimed "enterprise" under RICO, there is no reason to suspect that Wells Fargo would not have made the identical argument in this matter, a factor that Plaintiffs allege informed their decision to move for a voluntary dismissal of the RICO claim at this juncture.

Consequently, Plaintiffs' request for voluntary dismissal of its RICO claim is proper, and its motion in that regard is GRANTED. The Court must next consider whether remand is in order now that the sole federal claim has been eliminated. A motion to remand based on lack of subject matter jurisdiction may be made at any point during the pendency of a case. As 28 U.S.C. § 1447 provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Defendant Arroyo does not object to remand. Def.Arroyo's Opp'n, ECF No. 13, 5:18-19. In opposing remand, Defendant Wells Fargo's primary argument is that given the presence of the RICO claim at the time of removal, federal jurisdiction was unquestionably present, and that Plaintiffs should not be permitted now to "forum shop" by dismissing that claim to get back to state court. Therefore, according to Defendants, the Court should exercise its discretion in maintaining supplemental jurisdiction over the pending state claims (even after dismissal of the RICO cause of action) to prevent any such abuse from occurring.

///

The Court does not agree that Plaintiffs' motion amounts to deliberate forum-shopping given Wells Fargo's stance on the issue as stated above, and given Plaintiffs' claim that they believed Defendants had violated RICO at the time they filed the First Amended Complaint, with the inclusion of the claim thereby representing simply "a means of securing the broadest possible recovery rights". Pls.' Mot., ECF No. 8-1, 4:13-14. Plaintiffs further point out that Wells Fargo's dismissal request in the Utah case, which was filed on or about January 30, 2018, was after Plaintiffs filed their operative First Amended Complaint in this matter on January 22, 2018. None of this suggests deliberate forum shopping.

Apart from forum-shopping, Defendants also posit that in accordance with the principles of supplemental jurisdiction, the Court has discretion in whether or not to retain jurisdiction over related state claims after dismissing every federal claim. See 28 U.S.C. § 1367(c) (court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction"); see also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). In making that determination, the court can consider "judicial economy, convenience, fairness, and comity." Timm v. Mead Corp., 32 F.3d 273, 276-77 (7th Cir. 1994). Defendant Wells Fargo contends that consideration of those factors, taken together, militate against remand.

As Plaintiffs point out, however, this case was removed on February 21, 2018 after being initially filed in state court a month beforehand. The present Motion to Dismiss and Remand was filed on April 16, 2018, less than two months later at a point when no proceedings of any kind had taken place. Therefore, since the case remains in its earliest stages there are no consideration of judicial economy that would support retaining the case here, a conclusion only strengthened by the fact that the Eastern District's caseload is one of the heaviest, and most impacted, in the nation. Therefore, considerations of judicial economy weigh against retaining this matter in federal court. Moreover, since Plaintiffs initiated this action in El Dorado County, with the events at issue apparently involving a Wells Fargo Branch in that county and Defendant Arroyo

4

residing in El Dorado County, consideration of fairness and convenience would also appear to favor an El Dorado County venue.  Finally, since even Wells Fargo concedes that considerations of comity "likely weigh in favor of remand" (Opp., ECF No. 12, 10: 8), an analysis of the relevant factors as a whole point towards remand.  Accordingly, having dismissed the sole federal claim, this Court declines to continue to exercise supplemental jurisdiction over the remaining claims and remands the matter back to El Dorado County for final adjudication.

Therefore, for the reasons stated above, Plaintiffs' Motion to Dismiss and to Remand to State Court (ECF No. 8) is GRANTED.[1]  Plaintiffs' Fifth Cause of Action, for RICO violations, is DISMISSED, with prejudice, and the Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of El Dorado.  The Clerk shall thereafter close this case.

IT IS SO ORDERED.

Dated:  October 23, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with Local Rule 230(g).